Filed 9/29/21  P. v. Collins CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ELLIS COLLINS,<br><br>        Defendant and Appellant. | A162366<br><br>(Alameda County<br>Super. Ct. No. 161265) |

This is an appeal from a postconviction order denying the petition of defendant Michael Ellis Collins for a recall of sentence and resentencing under Penal Code[1] section 1170.91, subdivision (b)[2] (hereinafter, petition).

---

[1] Unless otherwise stated, all statutory citations are to the Penal Code.

[2] Section 1170.91, subdivision (b)(1) provides:  "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in his or her case, to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions:

"(A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.

After defendant filed a timely notice of appeal and appellate counsel was appointed to represent him, counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which she raises no issue for appeal and asks this court for an independent review of the record.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*Kelly*).)  Counsel attests that defendant was advised of his right to file a supplemental brief in a timely manner, but he did not exercise this right.

We dismiss this appeal without conducting a *Wende* review.  As explained *post*, defendant has no right to this review process because this appeal is not his first appeal as of right.  While we could as a matter of discretion review the record for reasonably arguable issues, we decline to do so given defendant's failure to file a supplemental brief.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 25, 2010, defendant was convicted of first degree murder. Two enhancements, for knife use and a prior prison commitment, were also found true.  Defendant was sentenced to 27 years to life.  On appeal, we reversed defendant's one-year sentence for the prior prison commitment enhancement but otherwise affirmed the judgment.  (*People v. Collins* (Nov. 28, 2011, A128479) [nonpub. opn.].)

On July 22, 2019, defendant filed this petition for recall of sentence and resentencing pursuant to section 1170.91, subdivision (b).  By his petition, defendant sought relief based on his alleged suffering from posttraumatic stress syndrome, substance abuse, paranoid schizophrenia and bipolar

---

"(B) The person was sentenced prior to January 1, 2015.  This subdivision shall apply retroactively, whether or not the case was final as of January 1, 2015."

disorder as a result of his service in the United States military. On July 29, 2019, the trial court ordered that counsel be appointed to represent him.

Appointed counsel advised defendant by letter that he was not eligible for relief under section 1170.91, as he was sentenced to an indeterminate term and the statute applies only to determinate sentences. Thus, on February 11, 2020, defendant requested that his petition be withdrawn.

On October 16, 2020, however, defendant requested that the trial court reinstate his petition and appoint new counsel to represent him.

On January 27, 2021, the court denied defendant's request for new counsel. On February 8, 2021, the court then denied defendant's petition, finding no legal basis for affording him relief from his indeterminate sentence.

On March 29, 2021, defendant filed a timely notice of appeal.

## DISCUSSION

As mentioned, neither appointed counsel nor defendant has identified any issue for our review. In briefing, appointed counsel correctly recognizes that *Wende* review is constitutionally required only from a defendant's first appeal from a criminal conviction. This review is not required from his present appeal, which is from a postconviction order denying sentencing relief. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 (*Cole*) [*Wende* does not apply to appeals from the denial of postconviction relief]; see, e.g., *People v. Freeman* (2021) 61 Cal.App.5th 126, 133, review den. May 12, 2021, S268011 [*Wende* procedures inapplicable to appeal from an order revoking postrelease community supervision, as such an appeal is not a direct appeal from a judgment of conviction]; *People v. Flores* (2020) 54 Cal.App.5th 266, 273 (*Flores*) [no right

3

to *Wende* review in an appeal from postconviction denial of petition for resentencing under § 1170.95].)

Accordingly, because defendant has failed to file a supplemental brief raising any issue for our review, we dismiss the appeal. (*Cole, supra*, 52 Cal.App.5th at p. 1028 [court may dismiss an appeal as abandoned when counsel files a *Wende* brief and defendant does not file a supplemental brief].)

In any event, the result would be the same were we to exercise our discretion to conduct a *Wende* review in this case. (See *Flores, supra*, 54 Cal.App.5th at p. 273 ["[while] we are not *required* to conduct an independent review of the record because this is not defendant's first appeal as a matter of right—we have found no legal authority that *prohibits* us from doing so in the interests of justice"].) The trial court correctly denied defendant's petition, as he seeks relief from an indeterminate sentence and section 1170.91 applies only to determinate sentences. (*People v. Estrada* (2020) 58 Cal.App.5th 839, 843 ["section 1170.91 only applies to determinate terms imposed under section 1170, subdivision (b)"].)

## DISPOSITION

The appeal is dismissed.

_____

Jackson, P. J.

WE CONCUR:


_____

Simons, J.


_____

Burns, J.

A162366/*People v. Michael Ellis Collins*